UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

DARWIN ALEXANDER LANDAETA-AVILA,

Petitioner,

v.

Civil Action No. 4:26-cv-250-DJH

MARKWAYNE MULLIN, Secretary,
Department of Homeland Security et al.,

Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Darwin Alexander Landaeta-Avila, a noncitizen resident of Indiana currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings.  He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 6), and they have submitted briefing setting out their respective legal arguments (D.N. 9; D.N. 10).  After careful consideration, the Court will grant Landaeta-Avila's petition for the reasons explained below.

### I.

Landaeta-Avila is a native and citizen of Venezuela.  (D.N. 1, PageID.5 ¶ 22; D.N. 9-2, PageID.79)  He entered the United States on March 29, 2024, "without documents sufficient for lawful entry into the United States" and was apprehended by federal immigration authorities. (D.N. 9-2, PageID.80; *see* D.N. 9-4, PageID.84)  He was placed in removal proceedings the same day via a Notice to Appear, which designated him as an "arriving alien."  (D.N. 9-1, PageID.75) Landaeta-Avila was also paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) on

1

March 29, 2024.[1]  (*See* D.N. 9-2, PageID.80; D.N. 9-3, PageID.82)  The parole automatically expired on March 28, 2026.  (*See* D.N. 9-3, PageID.82)  Landaeta-Avila filed an asylum application based on his opposition to the Venezuelan government.  (*See* D.N. 1, PageID.5 ¶¶ 22–23; D.N. 1-2, PageID.31–42)  On March 31, 2025, an immigration judge dismissed the Notice to Appear based on the government's failure to prosecute.  (*See* D.N. 9, PageID.70; D.N. 9-4, PageID.85)  A second Notice to Appear was issued on September 20, 2025, which also designated Landaeta-Avila as an "arriving alien."  (D.N. 9-5, PageID.86)

On February 19, 2026, Indiana law enforcement arrested Landaeta-Avila for driving without a license; that case remains pending.  (*See* D.N. 9-4, PageID.85)  U.S. Immigration and Customs Enforcement (ICE) authorities took Landaeta-Avila into custody on February 22, 2026, pursuant to an immigration detainer.  (*Id.*, PageID.84)  On April 6, 2026, an immigration judge denied Landaeta-Avila release on bond, concluding that he was "returned to custody under [8 U.S.C. § 1225(b)] pending the completion of removal proceedings" because his parole had been terminated.  (D.N. 1-1, PageID.28)  Landaeta-Avila remains detained at the Daviess County Detention Center in Owensboro, Kentucky.  (D.N. 1, PageID.1 ¶ 1; D.N. 9, PageID.70–71)

Landaeta-Avila seeks a writ of habeas corpus against Department of Homeland Security Secretary Markwayne Mullin, Acting U.S. Attorney General Todd Blanche, Daviess County Jailer Arthur Maglinger, and Chicago ICE Field Office Director Samuel Olson.  (*See* D.N. 1, PageID.4 ¶¶ 17–20)  Landaeta-Avila alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment.  (*See id.*, PageID.16–19 ¶¶ 59–73)  Landaeta-Avila asks the Court to order his immediate release.  (*See id.*, PageID.19)

---

[1] Parole under 8 U.S.C. § 1182(d)(5)(A) "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'"  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

2

Respondents argue that (1) Landaeta-Avila is properly detained under 8 U.S.C. § 1225(b)(2) as an applicant for admission who is seeking admission and (2) his detention does not violate due process under § 1225.[2] (*See* D.N. 9, PageID.71–73)

## II.

**A.      Immigration and Nationality Act**

The Sixth Circuit has now addressed the relevant statutory question in *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026). The Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). *Id.* at *11. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A). *See Lopez-Campos*, 2026 WL 1283891, at *2–4. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at *4. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at *9.

Here, Landaeta-Avila is an applicant for admission because he is a noncitizen "present in the United States who has not been admitted," 8 U.S.C. § 1225(a)(1), based on the record.[3] (*See*

---

[2] Respondents do not contest that the Court has jurisdiction to review Landaeta-Avila's petition (*see generally* D.N. 9). *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))). Nor do Respondents argue whether Landaeta-Avila must exhaust administrative remedies. (*See generally* D.N. 9) Therefore, the Court will not address these issues.

[3] Both Notices to Appear designated Landaeta-Avila as an "arriving alien." (*See* D.N. 9-1, PageID.75; D.N. 9-5, PageID.86) Although § 1225 addresses the "expedited removal of inadmissible arriving aliens," the provision that Respondents argue authorizes Landaeta-Avila's detention—§ 1225(b)(2)—does not pertain to arriving aliens. And as the Court has previously

D.N. 9-4, PageID.84–85)  But Landaeta-Avila is not "seeking admission" under § 1225(b)(2)(A) because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" despite remaining in the United States after immigration officials initially detained him upon entry (*see id.*, PageID.84–85).  *Lopez-Campos*, 2026 WL 1283891, at *4; *see id.* at *9.  Therefore, § 1226(a), not § 1225(b)(2)(A), governs Landaeta-Avila's detention.[4]  *See id.* at *11 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).  Landaeta-Avila is thus entitled to an individualized bond hearing.  *See id.* at *1 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

**B.    Due Process**

Because Landaeta-Avila has not received an individualized bond hearing pursuant to § 1226(a), the Court must determine the proper remedy.  *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026).  In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment.  2026 WL 1283891 at *13.  But the Sixth Circuit did not require a particular remedy for that violation.  *See id.* at *11–13.  In accordance with *Lopez-Campos* and this Court's prior decisions addressing the same issue, the Court concludes that

---

explained, noncitizens initially designated as "arriving aliens" who overstay their parole—as Landaeta-Avila did here—are no longer "arriving aliens." *See Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643, at *3 (W.D. Ky. Mar. 3, 2026) (collecting cases).

[4] Landaeta-Avila's arrest after overstaying his parole does not change this conclusion. *See Quintero*, 2026 WL 596643, at *2–3 (explaining that noncitizens arrested in the interior of the United States after their parole expired are subject to detention under § 1226(a), not § 1225(b)(2)).

Landaeta-Avila's detention without a bond hearing violates due process, *see id.* at *13, and will order his immediate release. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *see also, e.g.*, *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025) (ordering immediate release after concluding that petitioner's detention without a bond hearing violated due process); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025) (same).

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Landaeta-Avila's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Landaeta-Avila, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **May 26, 2026**.

(2)    Landaeta-Avila's Motion for Order to Show Cause (D.N. 4) is **DENIED** as moot.

(3)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

May 22, 2026

**David J. Hale, Chief Judge**
**United States District Court**